IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:19-cr-67 |
| vs. | : | CHIEF JUDGE MARBLEY |
| ROGER DALE ANDERSON, | : | |
| Defendant. | : | |

## MOTION FOR PRODUCTION OF ALL STATEMENTS
## MADE BY CO-CONSPIRATOR(S)

Defendant, by and through counsel, moves this Court for an order, pursuant to Rule 16 (a)(1)(A) of the Federal Rules of Criminal Procedure, requiring the Government to provide all statements by alleged co-conspirators. The reasons in support of this Motion are set forth in the following Memorandum.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

Counsel for Defendant

**MEMORANDUM**

Defendant Roger Dale Anderson was indicted by a federal Grand Jury on March 21, 2019. He is charged in Count One with Conspiracy to Dispense and Distribute Controlled Substances in violation of 21 U.S.C. § 846, in Counts Two through Ten with illegal dispensing of Schedule II Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in Count Eleven with Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, and in Count Twelve with Health Care Fraud in violation of 18 U.S.C. § 1347.  Counts One and Eleven encompass purported illegal activities over the span of approximately four years.  (Doc. 1, pages 12, 17.) Defendant was arraigned on April 5, 2019 and the Government has provided initial discovery materials.

The Defendant submits that the trial court should order production before trial of all statements, written, recorded or oral, of co-conspirators. In *United States v. Thevis*, 526 F.2nd 989 (1976), rehearing denied 3/3/76, it was held that statements of coconspirator(s) and/or co-defendant(s) concerning activity conducted or statements made during the course of the alleged conspiracy in which the declarant and the defendant were members shall be deemed to be statements of the defendant and, therefore, discoverable under Rule 16 (a)(1 )(A). See also *United States v. Agnello*, 367 F. Supp. 444 (E.D.N.Y. 1973).

The Defendant submits further that written, recorded and oral statements made by alleged co-conspirators are required to be produced before trial, since they constitute documents which are material to the preparation of his defense to the conspiracy charges and are, therefore, discoverable pursuant to Rule 16 (a)(1 )(A) and (C) of the Federal Rules of Criminal Procedure. See *United States v. Percevault*, 490 F. 2d 126 (2nd Cir. 1974); *United States v. Pascual*, 606 F. 2d 561 (5th Cir. 1979).

Third, Rule 802 (d)(2)(E) of the Federal Rules of Evidence provides under certain circumstances for the admissibility of co-conspirator and/or co-defendant declarations as an exception to the rule against hearsay. In order to have the opportunity to confront this evidentiary problem and resolve it before trial, it will be necessary for the Government to disclose the existence of such statements and their intended use. See *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978), and *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979). Should co-conspirator and/or co-defendant statements constitute confessions, then the failure of the prosecution to disclose such evidence will deny Defendant evidence material to punishment, in violation of the mandate announced in *Brady v. Maryland*, 373 U.S. 83 (1963).

In *Bourjaily v. United States*, 483 U.S. 171 (1987), the Court modified the previously existing rule concerning the consideration of purported coconspirators' statements but acknowledged that such statements are "presumed to be unreliable" but may be supported by other circumstantial guarantees of trustworthiness offered by the proponent. An opportunity is then available to the party opposing admission "to point out the shortcomings" under Fed. Rule Evid. 806 (allowing attack on credibility of an out-of-court declarant) before the trial court makes its determination of admissibility by a preponderance standard. These statements must be available to defendant prior to trial to afford counsel the opportunity to prepare and meet this burden.

Accordingly, it is respectfully requested that the Defendant be provided with all statements made by alleged co-conspirators, in order that their admissibility can be determined by proper pre-trial proceedings.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to all counsel of record, on November 4, 2019, by electronic mail.

**/s/ David H. Thomas**
DAVID H. THOMAS

26124247.1