IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:19-CR-67 |
| vs. | : | CHIEF JUDGE MARBLEY |
| ROGER DALE ANDERSON, | : | |
| Defendant. | : | |

## MOTION *IN LIMINE*

Defendant, through undersigned counsel, respectfully moves this Court to prohibit the Government from introducing evidence regarding his private sexual activity. Evidence regarding Defendant's sexual activity is not relevant pursuant to Rule 401 of the Federal Rules of Evidence and, in the alternative and pursuant to Rule 403 of the Federal Rules of Evidence, any probative value of such evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. The reasons in support of this Motion are set forth in the following Memorandum.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

/s/ **David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

/s/ Kathryn S. Wallrabenstein
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

Counsel for Defendant

## MEMORANDUM

Defendant Roger Dale Anderson was indicted by a federal Grand Jury on March 21, 2019. He is charged in Count One with Conspiracy to Dispense and Distribute Controlled Substances in violation of 21 U.S.C. § 846, in Counts Two through Ten with illegal dispensing of Schedule II Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in Count Eleven with Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, and in Count Twelve with Health Care Fraud in violation of 18 U.S.C. § 1347. Counts One and Eleven encompass purported illegal activities over the span of approximately four years. (Doc. 1, pages 12, 17.) Defendant was arraigned on April 5, 2019 and the Government has provided discovery materials which include allegations by numerous witnesses that he engaged in sexual activity with them and others during the time period of the alleged conspiracy in this case.

Undersigned counsel now move this Court to prohibit the Government from introducing evidence about Defendant's purported sexual activity with witnesses and others, as it is not relevant to any of the elements of the offenses charged in the Indictment. Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Whether or not Defendant engaged in sexual activity

with witnesses and others is not relevant to the Government's allegations that he conspired to, or did, dispense and distribute controlled substances illegally or whether he conspired to, or did, commit health care fraud.  Indeed, based on the discovery provided, the majority of the witnesses who claim to have knowledge of this behavior do not have direct knowledge and are merely restating what others have told them. In other instances, the witnesses allege sexual activity but there is no connection between that conduct and Dr. Anderson's prescribing practices. Accordingly, because such evidence is irrelevant to the charges, undersigned counsel request that this Court prohibit it from introduction at trial.

In the alternative, evidence of Defendant's purported sexual activity should be prohibited by Rule 403 of the Federal Rules of Evidence, which states "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Here, there is a danger that the evidence of sexual activity, including sexual activity with men, would lead to unfair prejudice and that it would confuse the issues and mislead the jury.  As discussed above, the purported sexual conduct is entirely unrelated to the allegations in the indictment, and undersigned counsel anticipate many of the witnesses will be unable to testify from their own personal knowledge. There is a substantial likelihood, under these circumstances, that evidence of Defendant's purported sexual activity would cause unfair prejudice, mislead the jury, or confuse the issues of this case, which have nothing to do with sexual conduct.  Accordingly, Rule 403 provides an independent basis for exclusion of the evidence.

Based on the foregoing and pursuant to Rules 401 and 403 of the Federal Rules of Evidence, Defendant moves this Court to prohibit introduction of evidence regarding Defendant's purported sexual activity.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to Assistant U.S. Attorneys Ken Affeldt and Doug Squires, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215, on December 17, 2019.

**/s/ David H. Thomas**
DAVID H. THOMAS