IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:19-cr-67 |
| Plaintiff, | : | |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| ROGER DALE ANDERSON, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court on Defendant Roger Dale Anderson's Motion in Limine

to prohibit the Government from introducing evidence regarding the Defendant's sexual activity.

(ECF No. 17). For the reasons outlined below, this Court **GRANTS** Defendant's motion.

## I.      BACKGROUND

Defendant Roger Dale Anderson was indicted by a grand jury on March 21, 2019. (ECF

No. 13 at 2). He was charged in Count One with Conspiracy to Dispense and Distribute Controlled

Substances in violation of 21 U.S.C. § 846, in Counts Two through Ten with illegal dispensing of

Schedule II Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in Count

Eleven with Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, and in

Count Twelve with Health Care Fraud in violation of 18 U.S.C. § 1347. (*Id.*). Anderson entered

pleas of not guilty and is scheduled to stand trial beginning on February 24, 2020.

The Government intends to introduce evidence regarding Anderson's alleged medically

unnecessary physical examinations of patients' groin areas during patient visits. (ECF No. 23 at

3-4). On December 17, 2019, Anderson filed a Motion in Limine to exclude evidence regarding

his sexual activity with patients on the grounds that it is irrelevant under Rule 401, or in the

1

alternative, that its probative value is substantially outweighed by the risk of prejudice under Rule 403. (ECF No. 17). The Government filed a Response in Opposition on January 31, 2020. (ECF No. 23).

## II.     LEGAL STANDARD

In order for the Government to introduce evidence at trial, the evidence must meet the relevancy requirement of Federal Rule of Evidence 401. Rule 401 states evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if evidence is relevant, it may still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.     LAW & ANALYSIS

Anderson first argues that evidence regarding his sexual activity with patients is not relevant to whether he illegally dispensed and distributed controlled substances. (ECF No. 17 at 2-3). In the alternative, Anderson argues that, even if relevant, the evidence should be excluded under Rule 403 because the danger of unfair prejudice substantially outweighs its probative value. (*Id.* at 3). He contends that there is a "substantial likelihood...that evidence of Defendant's purported sexual activity would cause unfair prejudice, mislead the jury, or confuse the issues of this case." (*Id.*). In its Response in Opposition, the Government argues that "the nature of the physical examinations Anderson performed on patients during office visits, including examinations of the groin area... has a direct connection to Anderson's prescribing practices." (ECF No. 23 at 2-3). The Government argues this evidence is "highly probative of

2

whether [Anderson] acted outside the course of usual professional practice and without a legitimate purpose." (*Id.* at 4).

This Court concludes that, even if evidence of Anderson's sexual activity with patients[1] during medical examinations could be relevant, it should be excluded under Rule 403 because of the substantial risk of unfair prejudice. The issue in this case is whether Anderson illegally dispensed and distributed controlled substances. That is what the Government bears the burden of proving in this case, not a general pattern of acting outside the scope of professional practice or without a legitimate medical purpose. When courts have admitted evidence regarding illegitimate medical practices, those practices have much more closely tied to the conviction. *See United States v. Chaney*, 921 F.3d 572, 591 (6th Cir. 2019) (admitting evidence of billing for unnecessary urine screenings as probative of healthcare fraud); *United States v. Leal*, 75 F.3d 219, 222 (6th Cir. 1996) (perfunctory nature of physical examinations supported finding of lack of legitimate medical purpose for drug prescriptions).

The Government has not shown how Anderson's purported examinations of patients' groin areas is probative of his purported illegal distribution of controlled substances. Even if the evidence has slight probative value, its risk of prejudice is too great. Evidence of Anderson's alleged medically unnecessary examinations of patients' genitalia contains a high risk of prejudice and confusion for the jury, and provides little, if any, probative value to the central issue of the medical necessity of Anderson's prescriptions.

---

[1] This Court rejects the Government's attempt to argue that "the evidence does not involve sexual contact." (ECF No. 23 at 5). Even so, this argument is inapposite, as evidence of Anderson's alleged unnecessary physical examinations of patients' groin areas is prejudicial, regardless of whether the Government disputes that it is sexual.

## IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS** Defendant's Motion in Limine (ECF No. 17) to prohibit the Government from introducing evidence regarding Defendant's sexual activity, including his alleged physical examinations of patients' groin areas.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: February 14, 2020**